ERNEST C. RISTOW, PROSECUTOR, v. CIVIL SERVICE COMMISSION OF THE STATE OF NEW JERSEY, RESPONDENT.

Argued January 18, 1928—Decided May 3, 1928.

Before Justices Parker, Minturn and Campbell.

For the prosecutor, *Martin P. Devlin.*

For the respondent, *Edward L. Katzenbach* and *Richard Stockton, 3d.*

Per Curiam.

This writ brings before us for review the judgment of the civil service commission, affirming the dismissal of prosecutor, a tower man, in the state's prison, at Trenton, for neglect of duty resulting in the escape of a prisoner.

We are asked to reverse and set aside this judgment for three reasons.

1. That from all the evidence there are no facts upon which to base a conclusion of neglect of duty.

2. That the duties of prosecutor were performed to the fullest extent of his ability and the escape was in no manner due to lack of reasonable care on his part.

3. That there is no evidence of neglect of duty. This is practically the same as reason number one.

Our examination of the proofs brings us to the conclusion that there was ample evidence to sustain the judgment under review.

Prosecutor was provided with a revolver and a whistle in addition to a riot gun, which latter was kept in the tower.

He went into the tower to remove his overcoat. His revolver was in the pocket of this coat. Where his whistle was does not appear. Just at this time prosecutor saw Hammock, the convict, go across the prison yard, place a ladder against the wall, climb up and over the wall into the public highway and make his escape.

Either the riot gun was out of order or prosecutor was not skilled in handling it, because it is said to have jammed and refused to fire, although after the prisoner had gained the highway prosecutor succeeded in discharging the gun.

He made no attempt to use either his revolver or whistle.

Much of the argument is directed at the inefficiency of the riot gun and the lack of instruction given to prosecutor in the use thereof. There may be much substance in this, but there is nothing excusing him for not having in his immediate possession his revolver and whistle and making use thereof in the emergency caused by the jamming of the riot gun.

His very position required of him preparedness and promptness of action in an emergency. He displayed and exercised neither of these attributes.

As was said in *Drill* v. *Bowden et al.*, 4 *N. J. Mis. R.* 326, "a person placed in a position of such responsibility occupies a status not unlike that of a sentry at guard in a military sense, charged with the duty of patrolling and protecting his post until relieved."

The writ of *certiorari* is therefore dismissed.